UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

HEARING DATE: November 14, 2018  
HEARING TIME: 10:00 am  

-----------------------------------------------------------X  
In re  
    GERARDO DIMATTEO, JR.  
     aka GERARDO DI MATTEO, JR.  

CASE NO. 8-17-23162-rdd  
CHAPTER 13  

        Debtor.  
-----------------------------------------------------------X  

## NOTICE OF HEARING ON FEE APPLICATION

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and Local Rule 2016-1, that the following Fee Application has been filed in the amount of $7,625.75 incurred during the period of July 26, 2017 through November 1, 2018 and that a hearing shall be held before the Honorable Robert D. Drain at the U.S. Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on November 14, 2018 at 10:00am, or as soon thereafter as counsel can be heard.

Objections to the foregoing request may be heard at the hearing before the allowance is determined. Objections to the compensation requested above must be filed with the Court and served so as to be received no later than seven (7) days before the above-listed hearing date, upon Cabanillas & Associates, P.C., Attn: Wendy Marie Weathers, Esq., 120 Bloomingdale Road, Suite 400, White Plains, NY 10605.

Dated:  White Plains, NY  
       November 1, 2018  

                          /s/Wendy Marie Weathers  
                 By:  Wendy Marie Weathers, Esq.  
                    CABANILLAS & ASSOCIATES, P.C.  
                    Attorney for the Debtor  
                    120 Bloomingdale Road, Suite 400  
                    White Plains, NY 10605  
                    (914) 418-2018  
                    wweathers@cabanillaslaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re
    GERARDO DIMATTEO, JR.
    aka GERARDO DI MATTEO, JR.        CASE NO. 8-17-23162-rdd
                                                                     CHAPTER 13
                Debtor.
------------------------------------------------------------X

## FEE APPLICATION BY CABANILLAS & ASSOCIATES, P.C., FOR THE ALLOWANCE OF LEGAL FEES FOR THE PERIOD OF JULY 26, 2017 TO NOVEMBER 1, 2018

TO:  THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY COURT

      Cabanillas & Associates, P.C., (the "Applicant"), counsel to the Debtor, Gerardo DiMatteo a/k/a Gerardo DiMatteo, Jr. (hereafter, the "Debtor"), in these proceedings hereby makes this application for the allowance of legal fees pursuant to 11 U.S.C. §§ 330 and 331, F.R.B.P. 2016(a) and Local Bankruptcy Rule 2016-1, in the amount of $7,157.25, incurred during the period of July 26, 2017 through November 1, 2018 and in support thereof, respectfully presents:

    1.  Gerardo DiMatteo, Jr. (the "Debtor") filed a voluntary Chapter 13 petition pursuant to 11 U.S.C. 101 et. Seq. on July 26, 2017 to stop a foreclosure sale scheduled for July 27, 2017.

    2.  This Court has jurisdiction pursuant to 28 U.S.C. Sections 1408 and 1409. This is a core proceeding pursuant to 11 U.S.C. Sections 330 and 331.

    3.  The Application for compensation is made for the period from July 26, 2017 through and including November 1, 2018. ("Fee Period") See Exhibit "A" reflecting a breakdown of the time spent and the legal services performed for the legal fee charge in this case.

4. Extensive time was spent reviewing the mortgage loan history of the Debtor. Subsequently, it was determined that it was in the Debtor's best interest to apply for a loan modification with creditor Emigrant Mortgage Co. ("Emigrant") for the property located at 855 Shepherd Court, Yorktown Heights, NY 10598.

5. Because this was an emergency petition filing, our office followed up with Debtor for documents and subsequently filed a motion to extend time to file schedules on August 17, 2017.

6. Accordingly, the creditor's meeting originally scheduled for August 25, 2017 was adjourned to September 11, 2017.

7. All schedules were filed by September 9, 2017.

8. On September 5, 2017, Chapter 13 Trustee filed Motion to Dismiss returnable September 27, 2017.

9. On September 11, 2017, the Creditor's Meeting was held and closed.

10. On September 18, 2017, Debtor's counsel filed opposition to the Trustee's Motion to Dismiss and the Chapter 13 Plan, which included a request for Loss Mitigaiton.

11. At the September 27, 2017 confirmation hearing, the Court was advised that loss mitigation was requested.

12. On October 11, 2017, the Court signed the Loss Mitigation Order and the loss mitigation hearing was scheduled for January 10, 2018.

13. On November 1, 2017, our office received correspondence from Emigrant regarding documents needed for the loss mitigation. On November 10, 2017, we met with the Debtor to finalize the loan modification application and requested some additional documents, which were provided on November 13, 2017. On November 14, 2017, the loan modification

application was submitted to counsel for Emigrant. Counsel confirmed receipt and informed our office that they were sent to Emigrant.

14. On November 20, 2017, our office received correspondence from Emigrant that confirmed receipt of the application and requested additional documentation.

15. On December 8, 2017 and December 15, 2017, we followed up with the Debtor as to the status of the additional documentation. Also, due to Debtor's employment situation, a letter of explanation had to be drafted.

16. On December 20 2017, our office forwarded the additional documents to counsel for Emigrant included a contribution letter, a letter of explanation regarding his employment status, a letter of explanation regarding Debtor's other property; bank statements, pay stubs, electric bills and cable, internet and cell phone bills. Counsel for Emigrant confirmed receipt on December 21, 2017.

17. On December 21, 2017, we met with the Debtor who provided receipts for the rental property.

18. On December 26, 2017, the loss mitigation affidavit was generated detailing the documents that have been submitted to date.

19. At the January 10, 2018 confirmation hearing and loss mitigation hearing, counsel for Emigrant advised that a denial letter had been generated the day before. The Court adjourned the hearing to February 14, 2018 for our office to review the denial. Additionally, counsel for Emigrant e-mailed us a copy of the denial to review

20. On January 11, 2018, we reviewed the denial to determine whether it warranted an appeal, and also requested reinstatement figures.

21. On January 22, 2018, we met with the Debtor to review the denial and to determine options.

22. On January 22, 2018, we followed up with counsel for Emigrant as to reinstatement figures. On February 6, 2018, we were provided the reinstatement letter and contacted the Debtor to review. On February 14, 2018, we followed up with the Debtor to discuss the reinstatement figures.

23. At the February 14, 2018 confirmation hearing and loss mitigation hearing, our office stated that we had been in contact with Emigrant and requested and recently received a payoff letter. The Court adjourned the hearings to May 23, 2018.

24. On February 27, 2017, we met with the Debtor who informed us that he received new employment last week, but did not receive his first pay stub yet.

25. On March 19, 2018, we met with the Debtor again who submitted updated documents included pay stubs from his new employment in order to resubmit a new loan modification application based on a change in financial circumstances.

26. On March 20, 2018, we finalized the loan modification application with the new financial documentation. On March 21, 2018, the loan modification application was submitted to counsel for Emigrant who confirmed receipt.

27. On April 6, 2018, our office received correspondence from Emigrant regarding the new verified income and whether that would be sufficient to consider home retention options since Debtor received new employment. However, they determined the verified income was still insufficient. We discussed the denial with the Debtor and options as to how to retain his house.

28. At the May 23, 2018 confirmation hearing and loss mitigation hearing, the Court adjourned the hearings to September 12, 2018 to discuss non-retention options.

29. On May 24, 2018, we contacted the Debtor who informed us he was in the process of looking for another job with more income and would keep up informed regarding his employment situation to see if circumstances changed enough where a new loan modification application could be submitted.

30. On July 9, 2018, we followed up with the Debtor to find out about his employment situation. On July 10, 2018, he informed us his employment situation has not changed but he was receiving some additional income from his job and therefore, he would send updated pay stubs. On August 3, 2018, we followed up with him regarding these documents so we could determine how to proceed.

31. On August 16, 2018, we received additional proof of income and determined that his income was only slightly higher than the previous loan modification which was denied due to insufficient income.

32. At the September 12, 2018 confirmation hearing and loss mitigation hearing, loss mitigation was terminated. The Court adjourned the confirmation hearing to November 14, 2018 so we can determine how the Debtor is going to proceed and we have been in communication with the Debtor advising him of his options.

33. We spent nearly two hours in the month of October speaking and meeting with Debtor regarding non retention options and change in circumstances that may provide for a successful loan modification.

34. Depending on the staff member, hourly rates are as follows:

    a. Administrative Assistance - $75.00
    b. Legal Assistant - $90.00

      c. Paralegal - $175.00
      d. Attorney - $350.00

35. During the Fee Period, the Applicant performed legal services which included but were not limited to the following legal services:

    a. Advising the Debtor on its duties as a Debtor;
    b. Assisting with the preparation of schedules, compilation of documents and the meeting of creditors;
    c. Numerous meetings and telephonic conferences with the debtor and other third parties in interest regarding the bankruptcy and loan modification;
    d. Reviewing and advising the debtor as to the filed claims of particular creditors;
    e. Preparation and the prosecution of Motions and Objections;
    f. Negotiating and documents requests during the loss mitigation;
    g. Review of all pleadings filed in this case and the formulation of responses and amendments as needed
    h. Attendance at confirmation hearings, trustee's motion to dismiss, and miscellaneous motion hearings, as necessary; and
    i. Resolution of all other issues related to this case.

36. The total hours billed pre-petition and post-petition in this case is 21.55 hours, resulting in a total fee of 12,875.75 less $5,250.00 paid by Debtor prior to filing. A fee is now sought to be paid in the amount of $7,625.75.

37. All Services for which compensation is requested were performed for or on behalf of the Debtor and not any other person.

38. Applicant has not entered into any agreement to fix fees or to share in compensation as prohibited by 18 U.S.C. §155 and 11 U.S.C. §504.

39. The services rendered by Applicant were beneficial to Debtor, were necessary to the administration of the estate, and were beneficial to the estate in accordance with 11 U.S.C. § 330(a)(4)(B).

40. Applicant respectfully submits, in light of the difficulty of the matters involved, the

complexity of the issues presented, the significant time spent on the negotiation of the loan modification, that the reasonable value of the services rendered is not less than the amounts billed.

WHEREFORE, Applicant seeks entry of an Order allowing Applicant's fees in the amount of $7,625.75 with the fees to be paid by the Debtor through his Chapter 13 plan; and granting such other and further relief as is just and proper.

Dated: White Plains, NY
      November 1, 2018

By: /s/Wendy Marie Weathers
Wendy Marie Weathers, Esq.
CABANILLAS & ASSOCIATES, P.C.
Attorney for the Debtor
120 Bloomingdale Road, Suite 400
White Plains, NY 10605
(914) 418-2018